PER CURIAM.
The Department of Health and Rehabilitative Services (HRS) filed a petition to *1266 review a non-final order of the Second Judicial Circuit rendered in the case State v. Herskovitz, circuit court case number 91-266AF. Treating the petition as one seeking a writ of certiorari, it is denied.
The order at issue instructed HRS to reconstruct the findings of an investigation regarding abuse or neglect of a child. HRS had classified this investigation as unfounded. HRS was further instructed to submit the investigation materials to the state attorney, who was in turn to hand the materials over to Linda Herskovitz. It is not clear from the very limited record on appeal what was the impetus for or context of this order.
The state attorney moved to amend this order, arguing that section 415.505, Florida Statutes (1990), requires all unfounded reports to be expunged within 30 days of being so classified and that 30 days had elapsed since the HRS investigation in question had been classified as unfounded. Thus, the state attorney argued, reconstruction of the investigation report would be violative of section 415.505.
According to HRS’ petition for review, the lower court denied the motion to amend following a hearing. There is no written order to that effect in our record, nor is there a transcript of the hearing, even though HRS certified to this court that it requested a transcript of the proceedings below.
HRS filed an unopposed motion to expedite review of this case which this court granted. The State of Florida was made a party to this appeal, and HRS was thus directed to serve a copy of its petition for review on the state. No response to date has been received from the state to the petition for review, which, as noted, we have treated as a petition for certiorari. Similarly, no response has been received from Linda Herskovitz to the petition, though she was directed to do so by an order to show cause.
Given the potentially important interests implicated in this case and the extremely limited record before us, we issued an order to the lower court directing it to enter an order explaining the basis of its denial of the state’s motion to amend. Although a response is long overdue, none has been received from the lower court. Unaccustomed as we are to having orders directed to the lower court simply ignored, we conclude that in this instance, in view of the total failure of any party to this proceeding to attempt to assist this court in the resolution of this controversy, we hereby quash the order to show cause. We do so for the additional reason that thus far, it has not been made to appear that the trial court ever held a hearing on the state’s motion to amend, as initially represented to us, or if it did, that an order was ever entered.
As for the petition for review, we cannot find based on what little has been presented to us that the lower court exceeded its jurisdiction or departed from the essential requirements of law, and we conclude that the jurisdiction of this court was improvidently invoked. Accordingly, the petition for review, treated as a petition for a writ of certiorari, is DENIED.
SMITH, SHIVERS and MINER, JJ., concur.